# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JAGUAR IMPORTS, LLC,**

**Plaintiff,**

**-vs-**                                                         **Case No.  6:12-cv-1486-Orl-31KRS**

**PHOENIX GLOBAL VENTURES, INC.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| MOTION: | RENEWED MOTION FOR ENTRY OF JUDGMENT (Doc. No. 20) |
|---|---|
| FILED: | April 19, 2013 |

## I.     PROCEDURAL HISTORY.

On October 2, 2012, Plaintiff, Jaguar Imports, LLC ("Jaguar"), filed a complaint against

"John Doe Nos. 1-10 d/b/a Smart Bargains," alleging infringement of Design Patent No. D661,771

in violation of 35 U.S.C. § 271.  Doc. No. 1.  On January 14, 2013, Jaguar filed an Amended

Complaint, substituting Phoenix Global Ventures, Inc. ("Phoenix") as the Defendant.  Doc. No.

11.  The amended complaint continued to assert infringement of Design Patent No. D661,771 in

violation of 35 U.S.C. § 271.  Phoenix, a California corporation, was served pursuant to California

law effective February 7, 2013.  Doc. Nos. 12, 15, 16.  Phoenix failed to respond, and the Clerk

entered a default against it on March 11, 2013.  Doc. No.  17.

On March 20, 2013, Jaguar filed a motion for default judgment against Phoenix.  Doc. No.

18.  I denied that motion without prejudice and directed Jaguar to address certain deficiencies in

any renewed motion.  Doc. No. 19.  Jaguar filed its renewed motion for default judgment against

Phoenix on April 19, 2013.  Doc. No. 20.  The motion seeks a judgment of $250 and also requests

the entry of an injunction permanently enjoining the infringement of the patent at issue in this

lawsuit.  In support of its motion, Jaguar filed the following:

- The Declaration of Babar Nawaz, who is an officer of Jaguar (Doc. No. 20-1);

- The Declaration of Matthew G. McKinney, Jaguar's attorney (Doc. No. 20-2); and

- A proposed order of default judgment (Doc. No. 20-3).

Jaguar served Phoenix's registered agent with the motion, but Phoenix failed to respond within the

allotted time.

Accordingly, Jaguar's renewed motion for default judgment is now ripe for ruling.

## II.    FACTS ALLEGED IN THE AMENDED COMPLAINT.

Jaguar is a Florida limited liability company with its principal place of business in

Orlando, Florida.  Doc. No. 11 ¶ 2.  Phoenix is a California corporation that does business as

"VIPDEALS" and "Smart Bargains."  *Id.* ¶ 3.  Phoenix places products that infringe Jaguar's

design patent into the stream of commerce, with the knowledge and understanding that such

products are sold in Florida, including in this District.  *Id.* ¶ 5.  Phoenix's acts cause injury to

Jaguar in this District.  *Id.*  Phoenix derives substantial revenue from the sale of infringing

products within this District, expects its actions to have consequences within this District, and

-2-

derives substantial revenue from interstate and international commerce. *Id.* Phoenix transacts

business in this District and offers infringing products for sale in this District. *Id.* ¶ 6.

United States Patent No. D661,771, entitled "Stun Gun," was duly and legally issued by

the U.S. Patent and Trademark Office on June 12, 2012 (this patent is hereinafter referred to as the

"'771 Patent").  Doc. No. 11 ¶ 7.  Jaguar is, and at all relevant times has been, the lawful owner of

all right, title, and interest to the '771 Patent. *Id.* ¶ 8.  Jaguar has marked its products embodying

the ornamental design claimed in the '771 Patent in accordance with 35 U.S.C. § 287. *Id.* ¶ 9.

Jaguar's complaint includes an image of the allegedly infringing product.  Doc. No. 11

¶ 10.  A side-by-side comparison reveals that Phoenix has misappropriated Jaguar's patented stun

gun design in its accused product as an ordinary observer, familiar with the prior art designs,

would be deceived into believing that the accused product is the same as the patented design. *Id.*;

*see also* Doc. Nos. 11-1, 11-2.  Phoenix has been infringing and is continuing to infringe the '771

Patent under 35 U.S.C. § 271 by importing, manufacturing, using, offering to sell, and/or selling

products that fall within the scope of the '771 Patent in this District and elsewhere in the United

States. *Id.* ¶ 11.  Phoenix has sold products covered by the '771 Patent to customers in Florida

through, at least, the "www.ebay.com" website, using a Vipertek brand name, among others. *Id.*

¶ 12; *see also* Doc. No. 11-2.  Phoenix is the owner of the Vipertek trademark. *Id.* ¶ 12; Doc. No.

11-3.  Phoenix chose to infringe Jaguar's patent and did so willfully. *Id.* ¶ 13.

## III.    APPLICABLE LAW.

In general, a court may enter a default judgment when the factual allegations of the

complaint, which are assumed to be true, provide a sufficient legal basis for such entry.

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The

defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").
Thus, to support an entry of default judgment, "a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009) (internal quotations omitted).

     "Although a defaulted defendant admits well-pleaded allegations of liability, allegations
relating to the amount of damages are not admitted by virtue of default.  Rather, the Court
determines the amount and character of damages to be awarded." *Miller v. Paradise of Port
Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citation omitted).  If a default judgment
is warranted, the court may hold a hearing for the purposes of assessing damages. Fed. R. Civ. P.
55(b)(2).  *See also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  However, a hearing
is not necessary if a party submits sufficient evidence to support the request for damages. *Id*.

## IV.    ANALYSIS.

     *A.    Liability.*

     A default judgment is appropriate "[w]hen a party against whom a judgment for
affirmative relief is sought has failed to plead or otherwise defend" itself in a lawsuit.  Fed. R. Civ.
P. 55(a).  Phoenix failed to appear and respond to the complaint in this case, despite the fact that it
was provided with notice of the case effective February 7, 2013.  Doc. Nos. 12, 15, 16. Therefore,
so long as Jaguar's factual allegations support each element of its claim, a default judgment is
appropriate.

     To state a claim for infringement of a design patent, Jaguar's amended complaint must
include: (1) an allegation of ownership of the patent; (2) the name of the defendant; (3) the patent
number allegedly infringed; (4) a statement of the means by which the defendant allegedly

infringes; and (5) the section of the patent laws invoked.  *Hall v. Bed Bath & Beyond, Inc.,* 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).  The amended complaint names Phoenix as the defendant, includes the patent number, and cites to the section of the patent laws invoked (35 U.S.C. § 271).  Doc. No. 11 ¶¶ 3, 7, 11.

By its default, Phoenix has admitted that Jaguar owns the '771 Patent.  *Id.* ¶ 8.  In addition, by its default, Phoenix has admitted (and a review of the images contained in the amended complaint confirms) that a side-by-side comparison of Jaguar's patented stun gun and Phoenix's allegedly infringing product reveals that Phoenix has misappropriated Jaguar's design, in that an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design.  *Id.* ¶ 10.  Phoenix has also admitted that it has been infringing and is continuing to infringe the '771 Patent by, among other things, selling products covered by the '771 Patent through the www.ebay.com website, using a Vipertek brand name.  *Id.* ¶¶ 10-11; Doc. No. 11-2.  This is sufficient to establish liability for infringement of the '771 Patent.  *See* 35 U.S.C. § 271 ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.").

B.      *Remedies.*

Jaguar seeks the entry of a permanent injunction and an award of $250 in statutory money damages.  I discuss each of these requests separately, below.

1.    <u>Permanent Injunction</u>.

Pursuant to 35 U.S.C. § 283, courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." A plaintiff seeking injunctive relief must demonstrate that: (1) it suffered an irreparable injury; (2) remedies at law, such as monetary damages, are inadequate to compensate for the injury; (3) considering the balance of the hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted). I consider each of these factors, separately, below.

a.    *Irreparable Harm.*

In determining whether Jaguar is entitled to entry of a permanent injunction, I examine the well-pleaded allegations of the amended complaint admitted by Phoenix, as well as the evidence presented by Jaguar. By its default, Phoenix admits that it willfully infringed Jaguar's '771 Patent. Doc. No. 11 ¶ 13. The undisputed declaration of Babar Nawaz, one of Jaguar's officers, establishes that Jaguar has been a wholesaler and retailer of stun guns since 2006 and that Phoenix is its direct competitor, selling stun guns to the same wholesale customers as Jaguar. Doc. No. 20-1 ¶¶ 2-4. It also establishes that Phoenix sells its infringing stun guns at a lower price than Jaguar, which has caused Jaguar to lose market share and access to potential customers. *Id.* ¶ 5. Finally, it establishes that Phoenix's infringement has caused Jaguar to suffer irreversible price erosion and loss of customers. *Id.* ¶ 7. This is sufficient to establish irreparable harm. *See, e.g.*, *Robert Bosch LLC v. Pylon Mfg.* Corp., 659 F.3d 1142, 1152-55 (Fed. Cir. 2011) (reversing district court's denial of permanent injunction where unrefuted evidence established, among other things, direct

competition, loss of market share, irreversible price erosion, and loss of access to potential

customers); *see also Zen Design Grp., Ltd. v. Clint*, Case No. 08-cv-14309, 2009 WL 4050247, at

* 5 (E.D. Mich. Nov. 23, 2009) (entering a default judgment of patent infringement and finding

irreparable harm where the infringement has caused, or is likely to cause, irreparable price erosion

and injury to the patentee's goodwill in the market).

*b.     Inadequacy of Monetary Damages.*

With respect to the adequacy of monetary damages, Jaguar argues that it will continue to

suffer irreparable harm due to lost market share, lost business opportunities, and price erosion

unless Phoenix is permanently enjoined.  It argues that there is no reason to believe that, absent

issuance of an injunction, Phoenix will stop infringing or that the irreparable harms resulting from

Phoenix's infringement will otherwise cease.  Jaguar argues that monetary damages alone cannot

fully compensate it for these harms.  Doc. No. 20 at 4-5.  Based on the unrefuted evidence

contained in Nawaz's declaration, these arguments are well taken, and this factor favors entry of a

permanent injunction.  *See eBay*, 547 U.S. at 394-95 (Roberts, C.J., concurring) (noting that the

immediate, ongoing violation of the right to exclude third parties from the use of an invention

against a patentee's wishes is difficult to protect through monetary remedies); *see also i4i Ltd.

P'ship v. Microsoft Corp.*, 598 F.3d 831, 862 (Fed. Cir. 2010) (upholding finding that monetary

damages were inadequate to compensate for patent infringement where patentee lost market share,

brand recognition, and customer goodwill); *Reebok Int'l, Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557

(Fed. Cir. 1994) (recognizing that future infringement may have market effects never fully

compensable in money).

Jaguar also argues that Phoenix's likely inability to pay a monetary judgment establishes the inadequacy of monetary damages. Doc. No. 20 at 5. In support of this argument, Jaguar points to Phoenix's "[failure] to retain an attorney to even respond to the Amended Complaint when faced with a potential substantial damages judgment for its past infringement." *Id.* Although I am not convinced that Phoenix's failure to retain an attorney to represent it in this case necessarily suggests that Phoenix is likely unable to pay a monetary judgment, Jaguar's argument does highlight the effect of Phoenix's failure to appear in these proceedings, which has deprived Jaguar of the ability to take discovery regarding Phoenix's ability to pay a monetary judgment (or regarding the full extent of damages that it might be able to recover from Phoenix). Thus, Phoenix's failure to appear in these proceedings also lends some support to a finding that monetary damages would be inadequate here. *See Enpat, Inc. v. Budnic*, Case No. 6:11-cv-86-PCF-KRS, 2011 WL 1196420, at *4 (M.D. Fla. Mar. 29, 2011) (award of monetary damages would be inadequate in patent infringement case because defendant's refusal to appear prevented plaintiff from discovering the full extent of damages it could recover).

### c.   *Balance of Hardships.*

The third factor, the balance of hardships between Jaguar and Phoenix, also weighs in favor of granting a permanent injunction. The harm to Jaguar in the absence of an injunction has been discussed above. As against this harm, Phoenix has offered no evidence of any hardship associated with the entry of an injunction. To the extent being enjoined from selling infringing products harms Phoenix, that harm is of Phoenix's own making. *See Windsurfing Int'l Inc. v. AMF, Inc.,* 782 F.2d 995, 100  n.12 (Fed. Cir. 1986) ("One who elects to build a business on a

product found to infringe cannot be heard to complain if an injunction against continuing

infringement destroys the business so selected.").

<em>d.     Public Interest.</em>

With respect to whether the public interest would be disserved by the entry of an

injunction, Jaguar argues that Phoenix's inferior product may potentially compromise the public's

safety and, thus, there is no public interest that outweighs Jaguar's right to exclude Phoenix from

using its patented product.  Doc. No. 20 at 6.  Jaguar's claim that Phoenix's "inferior product"

may "potentially compromise the public's safety" is not supported by any evidence.  However,

Jaguar's argument correctly highlights the principle that, as a general matter, the public maintains

an interest in protecting the rights of patent holders.  *See, e.g.*, *Enpat, Inc.*, 2011 WL 1196420, at

*5 (citations omitted).  Accordingly, the public interest factor typically weighs in favor of granting

injunctive relief.  *Id.*  The public interest factor may weigh against granting injunctive relief where

the product at issue is of unusual social benefit, *id.* (citations omitted), but, in the instant case, the

record contains no evidence demonstrating that Phoenix's product is of unusual social benefit or

otherwise establishing that the public interest would be disserved by an injunction.  Accordingly,

this factor weighs in favor of granting injunctive relief.

<em>e.     Conclusion.</em>

After considering the equitable factors for the issuance of a permanent injunction, I

recommend that the Court find that the balance of equities warrants injunctive relief , grant

-9-

Jaguar's request for injunctive relief, and enter a permanent injunction in a form that the Court

finds to be appropriate.[1]

> 2.   <u>Statutory Money Damages</u>.

Second, Jaguar seeks statutory money damages pursuant to 35 U.S.C. § 289, which

provides,

> "[w]hoever during the term of a patent for a design, without license of the owner,
> (1) applies the patented design, or any colorable imitation thereof, to any article of
> manufacture for the purpose of sale, or (2) sells or exposes for sale any article of
> manufacture to which such design or colorable imitation has been applied shall be
> liable to the owner to the extent of his total profit, but not less than $250,
> recoverable in any United States district court having jurisdiction of the parties."

In the absence of discovery that would allow it to determine Phoenix's total profits, Jaguar seeks

the minimum award available under § 289.

Fed. R. Civ. P. 54(c) limits the remedies that may be awarded via default judgment,

providing, "[a] default judgment must not differ in kind from, or exceed in amount, what is

demanded in the pleadings."  Although Jaguar did not reference "statutory damages" or § 289 in

the amended complaint, it demanded the following: "(c) A judgment awarding the Plaintiff all

damages adequate to compensate for the Defendant's infringement of the Plaintiff's '771 Patent . .

. ."  Doc. No. 11 at 5.  While this language tracks the language in 35 U.S.C. § 284, it is also

consistent with the language of § 289, which requires an award of the infringer's total profit or, if

---

[1]  The proposed injunction may be overbroad.  It proposes to enjoin "successors and
assigns" of Phoenix, which are not entities listed in Rule 65.  *See Eli Lilly & Co. v. Premo Pharm.
Labs, Inc.*, 843 F.2d 1378, 1380-81 (Fed. Cir. 1988).

not known, not less than $250.  Therefore, in the absence of objection, I recommend that the Court

also award damages in the amount of $250 pursuant to § 289.[2]

## V.     RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the

following:

(1)     **GRANT in part** the Renewed Motion for Entry of Judgment (Doc. No. 20);

(2)     **FIND** Phoenix Global Ventures, Inc., liable for violations of 35 U.S.C. § 271 as alleged in the amended complaint;

(3)     **ENTER** a permanent injunction in a form approved by the Court;

(4)     **REQUIRE** Defendant Phoenix Global Ventures, Inc. to pay Jaguar Imports, LLC, $250.00 in damages with post-judgment interest at the prevailing rate, and

(5)     **DIRECT** the Clerk of Court to enter a judgment consistent with the Court's order on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 30, 2013.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2]   In the amended complaint, Jaguar also demanded an award of attorney's fees and costs. Doc. No. 11 at 5.  It did not present evidence or argument to support an award of these fees and costs in the Renewed Motion for Entry of Judgment.  *See* Doc. No. 20.